UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS RING,<br><br>            Plaintiff,<br>v.<br><br>SRS DISTRIBUTION, INC. &<br>DALE J. BROCCOLI<br><br>            Defendants | CIVIL ACTION NO.<br>NO. 1:19-CV-10896 |

**PLAINTIFF DENNIS RING'S INITIAL DISCLOSURES MADE IN ACCORDANCE WITH FED. R. CIV. P. 26(a)(1)(A)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Plaintiff, Dennis Ring, by his undersigned attorneys, makes the following initial disclosures.

### INTRODUCTION

1.    These Initial Disclosures are based upon information presently known to Plaintiff. They are made without prejudice to producing during discovery or at trial information, documents or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff's identification of documents pursuant to 26(a)(1)(A)(ii) is limited to those documents within the Plaintiff's possession, custody or control. It does not include documents produced in this action by other parties or non-parties. Plaintiff reserves the

right to use any and all documents produced by any other party or non-party in this action. With these Initial Disclosures, Plaintiff is not identifying documents protected from disclosure by the attorney-client, work-product or other applicable privileges. Nor does Plaintiff waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over breadth and burden and all applicable privileges.

4. Plaintiff's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff incorporates all individuals identified by Defendant in its disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in the support of her claims.

**DISCLOSURES**

**A. Disclosure Pursuant to Rule 26(a)(1)(A)(i)**

> **Provide … the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of the information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

1. Dennis Ring: 15 Stetson Court, Plymouth, MA. The Plaintiff has a broad range of relevant information pertaining to both liability and damages.

2. Dale J. Broccoli: Mr. Broccoli was Mr. Ring's manager, made several comments demonstrating animus towards Mr. Ring's age, and was ultimately responsible for his termination.

3. Paul Whelan: SRS Senior VP, upon information and belief, has knowledge of Plaintiff's performance, training, and termination.

4. Christopher McMurrough: SRS Area VP, was involved in Mr. Ring's termination.

5. Jon Marron: Was District Manager for SRS when SRS purchased Metro, and was Plaintiff's immediate supervisor. Upon information and belief, Mr. Marron can testify to Plaintiff's high performance and strong sales.

6. Jackie Hurley: Employee of Metro and briefly for SRS, worked directly with Plaintiff while they were running three branches. Like the Plaintiff, Ms. Hurley was terminated at an advanced age.

7. Mr. Charles DeSantis: former Branch Manager for SRS in Danbury, CT. Upon information and belief, he was demoted and forced out of the company while at an advanced age.

8. Benjamin Kershaw: Much younger individual with whom Defendants replaced the Plaintiff after Plaintiff was terminated.

9. Andrew Pruchnicki: Hired by Mr. Ring. Upon information and belief, has knowledge of the responsibilities and workload of Branch Managers at SRS.

10. Gregory Hermans: SRS employee or director, upon information and belief has knowledge of Plaintiff's strong performance and his tasks and responsibilities.

11. Stephen Heffner: Longtime customer who has knowledge of the strong positive economic impact Plaintiff had on the company

12. Jim Warnat: former SRW owner who has knowledge of Plaintiff's abilities and high sales performance.

13. Amy Sue Ring, 15 Stetson Court, Plymouth, MA: Plaintiff's wife, has knowledge of his damages and emotional distress.

14. The plaintiff's daughter has knowledge of Plaintiff's damages and emotional distress.

15. Michael Cronan: Plaintiff's close personal friend has knowledge of his damages and emotional distress.

16. Dr. Northrop, M.D.: Plaintiff's primary care physician.

17. Timothy J. Ryan, LICSW: Therapist with knowledge of Mr. Ring's emotional distress.

18. Edward M. Powers, PhD: Psychologist with knowledge of Mr. Ring's emotional distress.

**B. Disclosure Pursuant Rule 26(a)(1)(A)(ii)**

> **Provide … a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to**

> **support its claims or defenses, unless the use would be solely for impeachment;**

Plaintiff possesses text messages with Defendant Dale Broccoli and may have additional text messages with other SRS employees. Plaintiff has tax returns and documents related to his job search efforts subsequent to his termination by Defendants.

### C. Disclosure Pursuant to Rule 26(a)(1)(A)(iii)

> **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including material bearing on the nature and extent of injuries suffered;**

Plaintiff has suffered back pay damages equal to the amount he would have earned in salary and benefits, but for his unlawful termination. Plaintiff anticipates suffering front pay damages due to the difficulty of obtaining employment at his age. Pursuant to relevant discrimination laws, Plaintiff is additionally entitled to reasonable attorneys' fees, costs, and interest, and may be entitled to punitive damages.

### D. Disclosure Pursuant to Rule 26(a)(1)(A)(iv)

> **Provide … for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no responsive documents.

Respectfully submitted,

Dennis Ring,
By his attorneys,

/s/ Matthew J. Fogelman
Matthew J. Fogelman (BBO # 653916)
Adam J. Rooks (BBO # 691800)
FOGELMAN & FOGELMAN LLC
189 Wells Avenue
Newton, MA 02459
617-559-1530
mjf@fogelmanlawfirm.com

Dated: June 6, 2019

**CERTIFICATE OF SERVICE**

      I, Adam J. Rooks, Esq., attorney for the Plaintiff, hereby certify that on this 6th Day of June, 2019, I caused a true copy of the above document was filed through the Court's electronic filing system and served via electronic mail and first class mail upon counsel for the Defendants as follows:

Lisa Stephanian Burton, Esq.
Lorenzo Cabantog, Esq.
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
One Boston Place, Floor 35, Suite 3500
Boston, MA 02101

lorenzo.cabantog@ogletreedeakins.com
lisa.burton@ogletreedeakins.com

                                              /s/ Adam J. Rooks
                                              Adam J. Rooks